UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDAN A. FLANAGAN,

                             Plaintiff,

     v.                                                          **REPORT**
                                                           **and**
                                                         **RECOMMENDATION**

UNITED STATES OF AMERICA,                              04-CV-0966A(F)

                             Defendant.
_____

APPEARANCES:          CHIACCHIA & FLEMING, LLP
                             Attorneys for Plaintiff
                             DANIEL J. CHIACCHIA, of Counsel
                             5113 South Park Avenue
                             Hamburg, New York    14075

                             TERRANCE P. FLYNN
                             UNITED STATES ATTORNEY
                             Attorney for the Defendant
                             MARY K. ROACH
                             ASSISTANT UNITED STATES ATTORNEY, of Counsel
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York    14202

## JURISDICTION

This action was referred to the undersigned by the Hon. Richard J. Arcara on February 4, 2005, for all pre-trial matters including hearing and disposition of all non-dispositive motions and dispositive motions.  (Doc. No. 9).  The matter is presently before the court on Defendant's motion (Doc. No. 5), filed February 3, 2005, to dismiss the complaint.

## BACKGROUND

Plaintiff Brendan A. Flanagan ("Plaintiff") filed this action on December 2, 2004. On February 3, 2005, Defendant filed, pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") ("Defendant's Motion") (Doc. No. 5), together with a Memorandum of Law ("Defendant's Memorandum") (Doc. No. 7). Defendant also filed the Declaration of Linda Farley ("Farley Declaration"), General Service Administration ("GSA") property manager, with attachments on February 4, 2005.[1] (Doc. No. 8).

On March 4, 2005, Plaintiff filed the Affidavit of Daniel J. Chiacchia, Esq. in Opposition to Motion to Dismiss ("Chiacchia Affidavit") (Doc. No. 11) and a Memorandum of Law in Opposition ("Plaintiff's Memorandum") (Doc. No. 12). On March 16, 2005, the court granted Defendant's request to file a Reply Memorandum. (Doc. No. 13). Defendant filed its reply to Plaintiff's Memorandum on March 17, 2005. ("Defendant's Memorandum") (Doc. No. 14). Oral argument was deemed unnecessary. Based on the following, Defendant's motion to dismiss (Doc. No. 5) should be GRANTED.

## FACTS[2]

In this Federal Tort Claims Act ("FTCA") action, Plaintiff seeks damages for injuries allegedly sustained on June 12, 2001 while performing maintenance on a boiler

---

[1] Attachments include Exhibit #1: Section A - Contract Form; Exhibit #2: Section B - Services and Prices/Costs, Section C - Description Statement of Work; Exhibit #3: Section E - Inspection and Acceptance; Exhibit #4: Section I - Contract Clauses; Exhibit #5: Hourly Wage Determinations; Exhibit #6: Section J - Exhibits and Attachments; Exhibit #7: Preventative Maintenance Description and Guidelines; Exhibit # 8: Certification and Disclosure Provisions; Exhibit #9: Delegation of Authority Letter; Exhibit #10: VT Griffin Services Insurance Certificates. Exhibits #1-10 are hereafter referred to as "the Contract."

[2] Taken from papers and pleadings filed in this action.

in the Dulski Federal Building, an office building locating in Buffalo, New York, owned by Defendant ("the building") and managed on Defendant's behalf by the General Services Administration, an agency of the federal government ("GSA"). Complaint ¶ 5. Specifically, Plaintiff alleges that, while performing maintenance work in the building, he fell eight to ten feet from the boiler, resulting in "severe and permanent physical injuries." *Id.* ¶¶ 5, 23.

In his first cause of action, Plaintiff alleges his injuries resulted from Defendant's negligence, "through its agents, servants, and employees" by "causing, creating and maintaining" and failing to warn of or avoid a dangerous condition at Plaintiff's work place. Plaintiff contends that as owner of the building, Defendant was responsible for the care and maintenance of the premises, including the boiler, and its negligent failure to carry out these responsibilities resulted in Plaintiff's injuries. Complaint ¶¶ 10-11. At the time of the accident, Plaintiff was employed by a private contractor hired by GSA to "perform maintenance work on the premises," including maintenance and repair of the boiler ("the contractor"). Complaint ¶¶ 16-18.

In his second cause of action, Plaintiff asserts that the contractor was responsible for maintenance of the boiler pursuant to the Contract. Complaint ¶ 16. Nevertheless, according to Plaintiff, Defendant remained responsible for supervising the contractor's employees' work and was "obligated to provide, pursuant to the state law, plaintiff with a reasonably safe place to work" while the contractor's employees, including Plaintiff, were performing work at the building, but failed to do so. Complaint ¶¶ 17-20. Plaintiff specifically alleges that Defendant's failure to provide a reasonably safe work place violated applicable state laws. Complaint ¶¶ 21-22. Plaintiff further

3

alleges that Defendant knew or should have known about the dangerous condition before Plaintiff's accident occurred, and had a reasonable opportunity to remedy this condition yet failed to do so. Complaint ¶ 25.

As stated, Background, *supra,* at 2, Defendant filed the Declaration of Linda Farley, GSA property manager at the building, in support of Defendant's motion. Farley states that her duties include acting as liaison between contractors and federal agencies operating in the building. Farley Declaration ¶ 3. Farley avers her duties as property manager require her to be familiar with contracts between the contractors, Plaintiff's employer, and the GSA. *Id.*

Farley further states that under the contract, the contractor was responsible for performing "mechanical maintenance services [the building]," including service to the boiler at issue. Farley Declaration ¶ 4. Specifically, Farley states that the Contract delegated to the contractor sole responsibility for management and supervision of the contractor's employees, required the contractor to have an adequate number of employees on the job "to enable it to properly, adequately, safely and economically manage, operate and maintain the facility," and stipulated the contractor would ensure "all work required by this contract is satisfactorily supervised." *Id.* ¶¶ 5-7 (citing the Contract at 8, 24). As relevant, the contractor was to provide "all labor, materials and equipment necessary for the protection of personnel, equipment . . . from damage as it relates to the performance of the scope of this contract" and was responsible for executing preventative maintenance and repairs pursuant to work orders. *Id.* ¶¶ 8, 10 (citing the Contract at 34). Further, according to Farley, under the Contract, the contractor had sole responsibility to comply with all "laws, regulations and ordinances

4

applicable to the performance of the contract." *Id.* ¶ 9 (citing the Contract at 39-40).

Additionally, Farley explained that, including herself, there are 10 GSA employees who work in the building performing administrative and clerical work for the agency. *Id.* ¶ 11.  According to Farley, their responsibilities do not include maintenance work, operation of the boiler, or supervision of contractors' employees. *Id.* ¶ 11.  Farley specifically averred that "[n]o GSA employee had any role in directing, overseeing or participating in the performance of work related to the boiler at the [building]." *Id.* ¶ 13.  Significantly, Farley further states no GSA employees were present at the time of Plaintiff's accident, and that no GSA employee "supervised or directed plaintiff's work" on the boiler. *Id.* ¶¶ 15-16.

## DISCUSSION

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) on the basis that the court lacks subject matter jurisdiction over Plaintiff's claim.  Specifically, Defendant contends that Plaintiff's claim falls within an exception to the FTCA under which Defendant has not waived its sovereign immunity.  Defendant's Memorandum at 4-5.  Defendant maintains that under the Contract, the contractor was responsible for the management and supervision of maintenance services in the building, the responsibility to provide "all labor, equipment and materials required to protect personnel from damage relating to the contract" was delegated to the contractor.  Defendant's Memorandum at 7.  Defendant further argues that the contractor was required by the contract to supply the employees to perform the contractor's duties

under the contract, and GSA as a result "did not have the power" to supervise the contractor's employees, including Plaintiff. *Id.* Defendant also maintains that the division of responsibility provided for in the contract renders the contractor an independent contractor for purposes of the FTCA and, as such, its employees cannot be considered Defendant's employees for purposes of asserting any claim under the FTCA. Defendant's Memorandum at 8-9. Further, because no government employees exercised direct or indirect control over the contractor or its employees, Defendant cannot be found negligent for purposes of the FTCA. *Id.* at 9. Thus, Defendant contends Plaintiff's first cause of action must be dismissed. Plaintiff does not contest these facts in either his complaint or by affidavit.

In an FTCA action, "plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)). Where the United States has retained sovereign immunity, the court has no subject matter jurisdiction over the claim. *United States v. Sherwood,* 312 U.S. 584, 586-87 (1941); *Lunney,* 319 F.3d at 554 (quoting *Up State Fed. Credit Union v. Walker,* 198 F.3d 372, 374 (2d Cir. 1999) ("It is well-established that in any suit in which the United States is a defendant, a waiver of sovereign immunity with respect to the claim is a prerequisite to subject matter jurisdiction")). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Lunney, supra, at* 554 (citing *Dorking Genetics v. United States,* 76 F.3d 1261, 1263 (2d Cir. 1996)). "The government's waiver of sovereign immunity under the FTCA must be 'strictly construed

in favor of the government.'"  *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988).

  The FTCA allows plaintiffs to sue the United States for "damages for injury or loss of property, or personal injury or death" caused by negligent acts or omissions of government employees acting within their scope of employment at the time the act or omission occurred if the United States would be liable as a private person to claimant under the law of the "place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *Brown v. United States,* 1994 WL 319015 * 6 (W.D.N.Y. 1994).  Under 28 U.S.C. § 2671, contractors with the United States are not government employees within the meaning of 28 U.S.C. § 1346(b).  *Roditis v. United States,* 122 F.3d 108, 111 (2d Cir. 1997), *cert. denied*, 523 U.S. 1095 (1998).  However, there are certain tort claims, identified in 28 U.S.C. § 2680, which are beyond the FTCA's waiver of immunity.  *Id.*  In addition to the statutory exceptions to the FTCA's waiver of immunity, courts have recognized other exceptions where suit against the United States under a particular legal theory of liability "would be contrary to the intent of the FTCA."  *Id.* at 11.  Exceptions to government liability under the FTCA include the independent contractor exception and causes of action which allege government negligence based on claims of nondelegable duties or which sound in strict liability.  *Roditis v. United States,* 122 F.3d 108, 111-12 (2d Cir. 1997), *cert. denied,* 523 U.S. 1095 (1998); *Forshaw v. United States,* 1998 WL 641357 * 3-4 (N.D.N.Y. 1998).

1.     **Plaintiff's First Cause of Action**.

As noted, Plaintiff's first cause of action alleges that Defendant, as owner of the building, retained a legal duty under state law to maintain its property "in a reasonably safe condition and in good repair" but failed to do so.  Complaint ¶¶ 10-11.   Defendant responds that the FTCA's waiver of immunity applies only to negligence by agents or employees of Defendant, and because Defendant unambiguously delegated through the Contract its control of the day-to-day maintenance of the building and supervision of the maintenance work to the contractor, any negligence within Plaintiff's allegations is necessarily that of the contractor and therefore Defendant cannot be found negligent for purposes of the FTCA.  Defendant's Memorandum at 7-9.  Specifically, Defendant contends, in the Contract, Defendant delegated "the obligation to provide all labor, equipment and materials required to protect personnel from damage relating to the performance of the contract," and none of Defendant's employees supervised or worked on the boiler at any time relevant to Plaintiff's claims, or supervised the contractor's employees while performing their work.  Defendant's Memorandum at 7; Farley Declaration ¶ 8.  Also, the Contract required the contractor to supply its own employees for the work under the Contract, and stipulated that Defendant does not have the power "to exercise either direct or indirect control over the [contractor's] employees."  Defendant's Memorandum at 7; Farley Declaration ¶¶ 6-7.  The Contract further provides it was the contractor's responsibility to supervise the maintenance work at the building.  *Id*.; Farley Declaration ¶ 5.  While Defendant's employees who did work in the building performed administrative and clerical functions, their duties did not include supervising the contractor's employees or performing maintenance work such

as working on the boiler.  *Id.*; Farley Declaration ¶¶ 14-16.

Plaintiff responds that the independent contractor exception to the FTCA is inapplicable in this case because Plaintiff is alleging that the Defendant, not the independent contractor for whom Plaintiff worked, was negligent.  Significantly, however, although Plaintiff alleges that Defendant was "responsible for exercising general supervision of the work performed by [the contractor], and their employees on and in connection with the boiler maintenance," Complaint ¶ 17, Plaintiff does not dispute that  under the contract the responsibility for supervising any maintenance work, including Plaintiff's work on the boiler, remained with the contractor.  Rather, Plaintiff simply repeats his allegation that Defendant is responsible "for its own negligent acts as a property owner."  Plaintiff's Memorandum at 4.  Notably, Plaintiff offers nothing to contradict Farley's averrment that at the time of Plaintiff's accident no GSA employees were acting in a supervisory capacity as to Plaintiff's work.

Although Plaintiff asserts that the independent contractor exception to the FTCA is inapplicable here because Plaintiff alleges GSA, not the contractor, was negligent, it is well-settled that the court may look beyond the pleadings to other evidence in the record to determine if subject matter jurisdiction exists.  *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000);  *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976), *modified*, *Chemical Bank v. Arthur Anderson & Co.*, 726 F.2d 930 (2d Cir.), *cert denied,* 469 U.S. 884 (1984).  Although on a Rule 12(b)(6) motion the court must accept all material factual allegations in the complaint as true, it

will not "draw inferences favorable to the party asserting jurisdiction."  *Rubin v. United States,* 2004 WL 57399 * 1 (E.D.N.Y. 2004).

In the instant case, a plain reading of the Contract demonstrates that any negligence which resulted in Plaintiff's fall and subsequent injuries could not have been the responsibility of GSA and thus Defendant, as GSA had delegated the responsibilities of maintenance work on the boiler, day-to-day supervision and management, and responsibility for worker safety to the contractor, and retained no power to "control the detailed physical performance of the contractor."

> Where the Government has no contractual right to control the contractor's physical performance or supervise its day-to-day operations, but instead reserves the right to inspect the contractor's performance, the Government cannot be held liable for the acts of its independent contractors.

*Hentnik v. United States,* 2003 WL 22928648 * 4 (S.D.N.Y. Dec. 10, 2003) (citing *Roditis v. United States, supra,* 122 F.3d at 111.

Applying this standard, the court finds that, pursuant to relevant provisions of the Contract, the contractor was an independent contractor and, as such, Plaintiff cannot establish that any employee of the Defendant was negligent in relation to Plaintiff's injuries.  *Hall v. United States,* 825 F.Supp. 427, 430 (D.N.H. 1993) ("[F]or GSA to be held liable in tort for plaintiffs' injuries, the court must find that an employee of the federal government was negligent in relation to the maintenance and/or supervision of the elevator in question.").   "[A]s a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors."  *Roditis v. United States*, *supra*, 122 F.3d at 111.  Farley averred "no GSA employees worked on

the boiler or supervised work on the boiler." Defendant's Memorandum at 7 (citing Farley Declaration ¶ 11). Importantly, Plaintiff does not allege that any GSA employee was supervising the maintenance work on the boiler, or even near the boiler, at the time he was injured. Rather, pursuant to the contract, it is undisputed that it was the contractor's responsibility to supervise and safely maintain the work area, including around the boiler, and any negligence on the contractor's part is therefore not attributable to the Defendant based on the applicable caselaw. *See Roditis, supra.*

The mere fact that the boiler was owned by Defendant and located in the building is an inadequate basis to assert a claim for negligence against Defendant, as Plaintiff contends in his first cause of action. *Hall, supra,* 825 F.Supp. at 431-32. Specifically, Plaintiff states that Defendant, as property owner of the building, was "responsible for the maintenance and care of said Premises" but failed to do so, and was therefore negligent. Complaint ¶ 10; Plaintiff's Memorandum at 3 ("Under New York law . . . a landowner is liable for negligence when he causes, creates or maintains a dangerous condition on the property and a party is injured as a result of that condition.").

In *Hall, supra,* the court considered the plaintiffs' contention that the United States was bound, as property owner under the common law of the state, to maintain the safety of the work site area. *Hall,* 825 F.Supp. at 431. Plaintiffs argued that defendant had a nondelegable duty to "maintain the safety of the elevator in question" as landowner under New Hampshire common law because the common law would hold private parties who were similarly negligent liable. *Id*. The court nevertheless found

11

plaintiffs' nondelegable duty argument was inapplicable to their claims under the FTCA because it effectively rendered the United States strictly liable without fault, based on negligence, on the part of its employees, a theory of liability which is contrary to the intent of the FTCA. *Id.*

Courts do not allow claims against the United States based on such nondelegable duty theory because to do so would impose strict liability on the United States, contrary to the intent of the FTCA. *McCutcheon v. United States,* 1996 WL 607083 * 5 (W.D.N.Y. 1996) ("nondelegable duties - such as New York's duty to provide a reasonably safe means of ingress and egress - may not be used to impose liability upon the Government under the FTCA"); *accord McCall v. United States Dep't of Energy*, 914 F.2d 191 (9th Cir. 1990); *Moreno v. United States,* 965 F.Supp. 521, 526 (S.D.N.Y. 1997); *Basher v. United States*, 1995 WL 646343 * 3 (D. Conn. March 14, 1995) (citing *Berkman v. United States,* 957 F.2d 108 (4th Cir. 1992)); *Brown v. United States,* 1994 WL 319015 * 11 (W.D.N.Y. Jun. 8, 1994); *Hall, supra,* 825 F.Supp. at 432, and; *Matthew v. United States,* 720 F. Supp. 1535 (D.Kan. 1989). Thus, as the FTCA does not permit liability based on nondelegable duties allowed by the common law. Plaintiff's argument is without merit.

In this case, the Contract indisputably delegates supervision, management and maintenance responsibility for the work site to the contractor, thereby relieving GSA of any negligence caused by the contractor, and the nondelegable duty as further alleged by Plaintiff which applies to private owners under New York law does not apply to the United States, as such application would be contrary to the intent of the FTCA. Based

on the foregoing, Plaintiff's first cause of action should be DISMISSED.

**2.      Plaintiff's Second Cause of Action.**

Plaintiff alleges in his second cause of action that Defendant violated, *inter alia*, New York State Labor Law Section 240 and provisions of the New York State Industrial Code.  Complaint ¶ 21.  Defendant argues Plaintiff's second cause of action is also not permitted under the FTCA and therefore must be dismissed.  Defendant's Memorandum at 10.  Specifically, Defendant maintains "because the FTCA requires proof of the negligent or wrongful act of an employee, the FTCA precludes the imposition of liability based on state laws which impose non-delegable duties and impose liability without fault."  Defendant's Memorandum at 10 (citing *Maltais v. United States*, 546 F.Supp. 96, 101 (N.D.N.Y. 1982), *aff'd,* 729 F.2d 1442 (2d Cir. 1983) and *Berghoff v. United States*, 737 F.Supp. 199, 204 (S.D.N.Y. 1989)).[3]  Plaintiff responds that this cause of action is not barred as an exception to the FTCA because Plaintiff alleges that Defendant was negligent and does not base his claim on strict liability.  Chiacchia Affidavit ¶¶ 11, 12, 15, 16 ("[Plaintiff] has not alleged that the defendant is strictly liable for the dangerous condition on its Premises in which plaintiff was injured.").

However, courts have held that "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states."  *Johnson v.*

---

[3]  It is undisputed that under New York Labor Law Section 240, landowners retain a non-delegable duty to provide a safe work place and are strictly liable for injuries to a falling worker on their property. *See Lombardi v. Stout*, 604 N.E.2d 117, 120 (N.Y. 1992) ("Liability against the landowner under Section 240(a) . . . is absolute and does not require notice of a defect nor the exercise of supervisory control by the owner.").

*United States*, 547 F.2d 688, 691 (D.D.C. 1976). A plaintiff may not circumvent the FTCA by artfully pleading a claim as one for negligence when in it is in reality a claim to which the United States remains immune, such as a strict liability claim. *Id.* at 692. Here, the court finds that although Plaintiff couches his second cause of action as based on Defendant's negligence, fairly construed in alleging Defendant's violation of New York Labor Law § 240, it amounts to a claim for strict liability and thus defeats subject matter jurisdiction. In *Rowell v. United States*, 1992 WL 315653 * 2 (S.D.N.Y. Oct. 16, 1992), the court stated "If [plaintiff] could predicate governmental liability upon New York laws imposing nondelegable duties upon landowners, such as New York Labor Law § 240 and 241, he would subvert the express mandates of the FTCA that preclude making the government liable for acts of is independent contractors." *Rowell*, *supra*, *2 (citing *Maltais v. United States,* 546 F. Supp. 96, 101 (N.D.N.Y. 1982), *aff'd,* 729 F.2d 1442 (2d. Cir. 1983)).

     Even if construed as a claim of negligence by the Defendant based on statutory violations, Plaintiff's second cause of action is subject to dismissal as it ignores the undisputed fact that Defendant's contractor acted independently of Defendant in accordance with the Contract and under the Contract had exclusive responsibility for Plaintiff's safety. Plaintiff, as discussed, *Discussion, supra,* at 10-11, has notably failed to allege that any GSA employees acted negligently at the time of Plaintiff's fall. Thus, Plaintiff's second cause of action, in reality, turns on his ability to demonstrate such duties were nondelegable, a contention that, as discussed*, Discussion, supra,* at 10-12, pleads Plaintiff out of court. While Plaintiff insists that he has sufficiently alleged

negligence on the part of Defendant's employees, Chiacchia Affidavit ¶ 12 ("[Defendant's] argument . . . ignores the fact that the plaintiff . . . is alleging that the defendant <u>itself</u> was negligent.") (underlining added), the undisputed facts demonstrate otherwise, and "facts are stubborn things," as John Adams observed. Therefore, Plaintiff's second cause of action should be also DISMISSED.[4]

## CONCLUSION

Based on the foregoing, Defendant's Motion (Doc. No. 5) should be GRANTED, and the Clerk of the Court should be directed to close the file.

RESPECTFULLY SUBMITTED,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2006
       Buffalo, New York

---

[4] It is unavailing to complain as does Plaintiff, that there has been no discovery from which some basis for finding negligence against the GSA in this case may develop. Chiacchia Affidavit ¶ 17. It is, however, Plaintiff's burden to establish subject matter jurisdiction for his FTCA claim, and Plaintiff has plainly failed to do so.

15

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 30, 2006
	Buffalo, New York